# COMPOSITE EXHIBIT A

 

COMPREHENSIVE CASE INFORMATION SYSTEM
Harvey Ruvin, Clerk of the Circuit and County Courts
**MIAMI-DADE COUNTY**

"We are agents of change and advocates of innovation. We apply appropriate strategic, technological, process and people"

cportalaser

Expand All

| Case Number | Filed Date | Disposition Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|---|
| 132021CA012945000001 [2021-012945-CA-01] | 06/02/2021 | | MIAMI-DADE | Business Torts | Open | No | Yes |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| THORNTON, JOHN WILLIAM JR. | JUDGE | | |
| Jay L Farrow | ATTORNEY | | |
| Stern, Justin M. L., ESQ | ATTORNEY | | |
| ENVIROLYTE USA, LLC | PLAINTIFF | FARROW, JAY LEWIS | 625213 |
| TD Bank, N.A. | DEFENDANT | STERN, JUSTIN M. L. | 1010139 |

### Dockets

Page : 1    [ALL ▾]

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 8 | 07/13/2021 | Notice of Appearance<br>Party: Stern, Justin M. L., ESQ; TD Bank, N.A. | 2 |
| 📄 | 7 | 06/28/2021 | Service Returned<br>Party: TD Bank, N.A. | 3 |
| 📄 | 6 | 06/17/2021 | ESummons 20 Day Issued<br>Re: Index # 4.<br>Party: TD Bank, N.A. | 2 |
| | 5 | 06/16/2021 | Receipt:<br> Receipt#:2670029        Amt Paid:$10.00<br>Name:JAY L FARROW<br>4801 S UNIVERSITY DR STE 132<br>DAVIE FL 33328-3832<br>Comment:<br>Allocation Code     Quantity     Unit    Amount<br>3139-Summons Issue Fee    1      $10.00       $10.00<br>Tender Type:E-Filing ACH    Tender Amt:$10.00<br>Receipt Date:06/16/2021<br>Register#:267       Cashier:EfilingUser | |
| 📄 | 4 | 06/10/2021 | (M) 20 Day (C) Summons (Sub) Received | 2 |
| | 3 | 06/04/2021 | Receipt:<br> Receipt#:2640076        Amt Paid:$401.00<br>Name:JAY L FARROW<br>4801 S UNIVERSITY DR STE 132<br>DAVIE FL 33328-3832<br>Comment:<br>Allocation Code     Quantity     Unit    Amount<br>3100-Circuit Filing Fee    1      $401.00     $401.00<br>Tender Type:E-Filing ACH    Tender Amt:$401.00<br>Receipt Date:06/04/2021<br>Register#:264       Cashier:EfilingUser | |
| 📄 | 2 | 06/02/2021 | Complaint | 14 |
| 📄 | 1 | 06/02/2021 | Civil Cover Sheet - Claim Amount<br>Amount: 75001.00 | 3 |

### Judge Assignment History

### Court Events

### Financial Summary

### Reopen History

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>ENVIROLYTE USA, LLC</u>
Plaintiff                                              Case # _____
                                                       Judge  _____
vs.
<u>TD Bank, N.A.</u>
 Defendant

II.   **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

III.   **TYPE OF CASE**       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☒ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

    **IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

    **V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    <u>7</u>

    **VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jay L Farrow</u>          Fla. Bar # <u>625213</u>
         Attorney or party                 (Bar # if attorney)

<u>Jay L Farrow</u>                <u>06/02/2021</u>
  (type or print name)                 Date

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI DADE COUNTY, FLORIDA

ENVIROLYTE USA LLC, a            CASE NO:
Florida limited liability company,

           Plaintiff,

vs.

TD BANK, N.A., a foreign corporation,

           Defendant.

_____/

### COMPLAINT

**COMES NOW**, Plaintiff, ENVIROLYTE USA LLC ("Plaintiff" or "Envirolyte"), by and through undersigned counsel, and hereby sues TD BANK, N.A. ("Defendant" or "TD Bank"), a foreign corporation, and JOHN DOE(S), an unknown person(s)/corporation(s), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Envirolyte USA LLC is a Florida limited liability company with a principal place of business in Miami Dade County, Florida.

2.    Mr. David Pobiak is an authorized representative of Envirolyte.

3.    Defendant TD Bank, N.A. is a national banking association, with its principal place of business in Portland, Maine.

4.    Plaintiff seeks damage in excess of $30,000.00 exclusive of interest, costs and attorney's fees.

5.    This Court has jurisdiction over the subject matter of the causes of action and venue is proper in this Court pursuant to section 47.011, Florida Statutes as the transactions and occurrences underlying Plaintiff's claims occurred in Miami Dade County, Florida.

6.  This Court has specific jurisdiction over Defendant TD Bank pursuant to section 48.193, Florida Statutes, because Defendant operates, conducts, engages in, and/or carries on a business venture within this State, known as TD Bank, which operates various bank branch locations throughout Miami Dade County, including the TD Bank located at 9005 Biscayne Boulevard, Miami Shores, Miami Dade County, Florida 333138 (the "Miami Branch").

7.  This court has general jurisdiction over TD Bank, pursuant to section 48.193, Florida Statutes, because TD Bank is engaged in substantial and not isolated activity with the State of Florida through its operations of various TD Bank branch locations in the State of Florida.

## RESERVATION TO NAME ADDITIONAL DEFENDANTS

8.  In addition to the Defendant herein, there are likely other parties who may well be liable to Plaintiff but respecting whom Plaintiff currently lacks specific facts to permit Plaintiff to name such person or persons as a party-defendant(s). By not naming such persons or entities at this time, Plaintiff is not waiving its right to amend this pleading to add such parties, should the facts warrant adding such parties.

## GENERAL ALLEGATIONS

9.  In 2007, Envirolyte opened its TD Bank account.

10. In entering into its banking relationship with TD Bank, Pobiak, on behalf of Envirolyte, relied upon TD Bank's name and reputation, and believed that TD Bank had in place and would follow certain procedures and protocol to protect its account-holders' funds from fraud, and would communicate with its account holders to mitigate losses resulting from fraud.

11. On Friday January 22, 2021, David Pobiak, on behalf of Envirolyte, went to Defendant's Miami Branch for the purpose of sending a $442,513.75 wire transfer to a business associate ("Recipient") located in Tallinn, Estonia, which is located in Northern Europe.

2

12. Unbeknownst to Plaintiff, a fraudster had intercepted communications between Plaintiff and the Recipient and altered the wire instructions for the $442,513.75 wire.

13. The altered wire instructions noted that the beneficiary bank was located in "Lima, Estonia" instead of "Tallinn, Estonia."

14. Lima is the capital of Peru, a country in South America; there is no known "Lima" in Estonia, a country in northern Europe.

### TD Bank's Pre-Wire Negligence

15. The "Lima, Estonia" wire instructions should have tipped off TD Bank to the fraudulent nature of the wire instructions because there is no "Lima, Estonia" and hence no bank or bank account located in "Lima, Estonia."

16. What should have been even more obvious to the TD Bank employee, the altered wire instructions included a Bank Identified Code "BIC" (a.k.a. a SWIFT Code) and/or international bank account number "IBAN" that contained a country code of Peru, not Estonia, and identified the fraudster's bank account as being located within a Banco de Credito del Peru- BCP bank in Lima, Peru, South America.

17. Prior to sending the wire, TD Bank's employees who was/ere facilitating the wire transfer failed to discern not only that there was no "Lima, Estonia"  in existence, but that the country code in the wire instructions (in the BIC/SWIFT and/or IBAN) did not match the location of the bank (Estonia) identified in the wire instructions.

18. Prior to sending the wire, TD Bank, through its authorized employee(s) or agents, failed to review and/or confirm the location of the Recipient's bank and/or observe the glaring error in the "Lima, Estonia" location and in the BIC and/or IBAN set forth in the wire instructions.

19. TD Bank, a national banking association, has knowledge that fraudsters are engaged in rampant wire fraud, targeting innocent people and businesses such as Plaintiff, and TD Bank is in the best position to prevent such fraud by implementing security procedures to ensure the absence of anomalies in wire instructions.

20. TD Bank failed to implement and/or follow commercially reasonable security procedures to prevent the wiring of funds to a fraudster's account.

21. TD Bank failed to implement and/or follow commercially reasonable standards with regard to international wire transfer standards, including but not limited to confirming that the location of the recipient's account matches the location set forth in the BIC/SWIFT and/or IBAN.

22. TD Bank failed to discern the gross disparity between the "Estonia" typed in the wire instructions and the bank account located in Lima, Peru.

23. Plaintiff has never before sent a wire, let alone a $444,513.75 wire to Peru.

### TD Bank's Negligence and Statutory Violations in Sending the Wire

24. Ultimately, TD Bank wired Plaintiff's $442,513.75 to the fraudster's account in Lima, Peru, as opposed to the Recipient's bank account located in Tallinn, Estonia.

25. TD Bank acted carelessly in effecting the wire transfer.

26. Had TD Bank's employees reviewed and/or verified the wire instructions, they would have realized that the BIC/SWIFT and/or IBAN codes revealed that the bank account was located in a bank in Peru, South America.

27. TD Bank failed to ensure that their employees match the location of the wire to the country code in the BIC/SWIFT and/or IBANK, which is particularly troublesome given the size and nature (international) of the wire.

### TD Bank's Post-Wire Failures

28. On Monday January 25, 2021, Mr. Pobiak and the Recipient realized that the wire instructions had been intercepted as the Recipient in Estonia failed to receive the wire transfer.

29.  Mr. Pobiak immediately contacted TD Bank to report what was a case of enormous wire fraud.

30. Mr. Pobiak requested that TD Bank immediately take steps to safeguard its funds by, inter alia, attempting to recall the wire and contact the Peruvian Bank that received the funds.

31. For reasons unclear, TD Bank failed to take appropriate action.

32. TD Bank failed to timely investigate Mr. Pobiak's allegations.

33. TD Bank failed to timely contact the Bank in Peru that had received Plaintiff's $442,513.75.

34. TD Bank failed to keep Plaintiff reasonably informed as to where its funds were and as to what Defendant was doing to recover Plaintiff's funds.

35. Based on TD Bank's failure to react and respond to Mr. Pobiak's urgent inquiries, Mr. Pobiak was left to fend for himself.

36. Upon information and belief, TD Bank did not timely request that the Peruvian Bank freeze the fraudster's bank account and/or recall the wire.

37. Through sheer luck, Plaintiff's counsel's office had a personal contact at the Peruvian Bank.

38. Plaintiff's undersigned counsel explained the situation to the contact at the Peruvian Bank who treated Plaintiff's allegations very seriously and acted swiftly.

39. The Peruvian Bank, with no assistance from TD Bank, immediately froze the fraudster's account.

40. The Peruvian Bank requested that TD Bank provide an indemnification letter and other paperwork to facilitate the return of the funds remaining in the account.

41. At first, and for a period of at least four (4) weeks, TD Bank refused to provide any information to the Peruvian Bank, and refused to update and inform Plaintiff as to what was occurring.

42. Finally, Plaintiff learned from the Peruvian Bank that an "important" amount of money had been returned to TD Bank.

43. Ultimately, Plaintiff recovered some funds, but $85,000.00 remains missing and has not been accounted for.

44. Upon information and belief, the only reason why some of the funds were recovered was because undersigned counsel, through chance, had a personal contact at the Peruvian Bank.

45. Upon information and belief, had TD Bank reacted quickly to seek to recall the wire transfer, Plaintiff could have recovered additional funds before they were removed from the fraudster's account.

46. To this day, TD Bank refuses to account for and/or explain the whereabouts of the $85,000.00.

47. TD Bank also refuses to disclose what action, if any, it took to protect Plaintiff's funds and mitigate the harm it caused.

48. TD Bank totally failed to cooperate in Plaintiff's loss recovery efforts.

49. All conditions precedent to the filing of the claims herein have either occurred, been satisfied or been waived.

50. All causes of actions alleged herein and pled in addition to, or in the alternative of other causes of actions.

6

51. Due to the conduct of Defendants, Plaintiff has retained undersigned counsel to prosecute this action and has agreed to pay reasonable attorneys' fees and costs.

52. **<u>JURY DEMAND</u>**: Plaintiff demands that all issues in this case be tried by a jury as to all issues so triable.

### <u>COUNT I – NEGLIGENCE</u>
*(Preceding the wire transfer)*

53.   Plaintiff incorporates and realleges Paragraph Numbers 1 through 52 above as if fully set forth herein.

54.  At all times relevant, Defendant owed a duty of care to Plaintiff, as its customer, to implement and/or follow commercially reasonable standards to prevent and/or detect wire fraud, through:

a)  Implementing or following commercially reasonable standards with regard to large international wire transfers;

b)  Confirming that the location and country of the Recipient's account matches the location and country set forth in the BIC/SWIFT and/or IBAN;

c)  Detecting disparities between the location of the account (e.g. "Lima, Estonia") and the location of the bank described in the BIC/SWIFT and/or IBAN (e.g. <u>Banco de Credito del Peru- BCP </u>"Lima, Peru");

d)  Confirming that the location of the Recipient's account exists (i.e. Lima, Estonia is a non-existent location);

e)  Detecting disparities between the account location and location in printed wire; and/or

f)  Asking the Account Holder to confirm whether the account holder intends to send the wire to a location (e.g. Peru) when the Account Holder has never before sent a wire, let alone a large wire.

55.  As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Plaintiff has incurred actual loss, including but not limited to the unrecovered sum of $85,000.00.

**WHEREFORE**, Plaintiff demands Judgment as to Count I against Defendant TD BANK, N.A. and seeks compensatory damages together with interest, attorneys' fees and costs for instituting and prosecuting the instant action and for such further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
### *(Subsequent to the wire transfer)*

56.  Plaintiff incorporates and realleges Paragraph Numbers 1 through 52 above as if fully set forth herein.

57.  At all times relevant, Defendant owed a duty of care to Plaintiff, as its customer, to implement and/or follow commercially reasonable standards to mitigate wire fraud after its occurrence, through:

a)  Timely investigating an account holder's assertion of a fraudulent wire transfer;

b)  Following an account holder's reasonable instructions to attempt to recall the wire transfer;

c)  Timely contacting the Beneficiary Bank (e.g. the Peruvian Bank) to inform it of the fraud and requesting that the Beneficiary Bank freeze the account, pending investigation;

d)  Communicating with the account holder as to what steps the account holder should be taking;

e)  Cooperating with the Beneficiary Bank's reasonable efforts to restore the funds to the rightful owner (the account holder);

f)  Timely completing all necessary paperwork requested by the Beneficiary Bank; and/or

8

g)  Accounting for the disposition and whereabouts of the account holder's funds.

58. As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Plaintiff has incurred actual loss, including but not limited to the unrecovered sum of $85,000.00.

**WHEREFORE**, Plaintiff demands Judgment as to Count II against Defendant TD BANK, N.A. and seeks compensatory damages together with interest, attorneys' fees and costs for instituting and prosecuting the instant action and for such further relief as this Court deems just and proper.

### COUNT III – STATUTORY VIOLATION § 670.202(2), FLA. STAT.
*(Non-compliance with security procedures)*

59.   Plaintiff incorporates and realleges Paragraph Numbers 1 through 52 above as if fully set forth herein.

60. Defendant TD Bank is engaged in the business of banking as defined in section 670.105(1)(b).

61. Plaintiff is the account holder of a business account and is a customer of Defendant as defined in section 670.105(1)(c), Florida Statutes.

62. Defendant and Plaintiff had a security procedure established for the purpose of detecting error in the transmission or the content of the payment order or communication as set forth in 670.201, Florida Statutes, including by taking steps to confirm the location of the wire transferee's account.

63. Plaintiff intends to discover the particular security procedure in place by way of discovery.

64. Defendant's employees failed to comply with the security procedures.

65. As a direct and proximate result, Plaintiff suffered harm including the loss of $85,000.00.

**WHEREFORE**, Plaintiff demands Judgment as to Count III against Defendant TD BANK, N.A. and seeks compensatory damages together with interest, attorneys' fees and costs for

instituting and prosecuting the instant action and for such further relief as this Court deems just and proper.

### COUNT IV – STATUTORY VIOLATION § 670.202(3), FLA. STAT.
### (*failure to maintain commercially reasonable security procedures*)

66.  Plaintiff incorporates and realleges Paragraph Numbers 1 through 52 above as if fully set forth herein.

67. Defendant TD Bank is engaged in the business of banking as defined in section 670.105(1)(b).

68. Plaintiff is the account holder of a business account and is a customer of Defendant as defined in section 670.105(1)(c), Florida Statutes.

69. Defendant and Plaintiff had a security procedure established for the purpose of detecting error in the transmission or the content of the payment order or communication as set forth in 670.201, Florida Statutes, including by taking steps to confirm the location of the wire transferee's account.

70. The circumstances of Plaintiff's wires, including Plaintiff's wishes to wire funds to the Recipient in Estonia, the absence of prior wires to Peru, were known to Defendant, including the frequency and destination of payment orders normally sought to be issued.

71. Defendant failed to offer alternative security procedures to Plaintiff.  See § 670.202(3).

72. Defendant failed to maintain a commercially reasonable method of providing security against fraudulent payment orders.  See § 670.202(3).

73. Plaintiff has been damaged as a direct result of TD Bank's acts and omission in violations of section 670.202(3), Florida Statutes.

74. Plaintiff is entitled to recover at least $85,000 from Defendant pursuant to section 670.204, Florida Statutes.

**WHEREFORE**, Plaintiff demands Judgment as to Count IV against Defendant TD BANK, N.A. and seeks compensatory damages together with interest, attorneys' fees and costs for instituting and prosecuting the instant action and for such further relief as this Court deems just and proper.

## COUNT V – STATUTORY VIOLATION § 670.205, FLA. STAT.

75.  Plaintiff incorporates and realleges Paragraph Numbers 1 through 52 above as if fully set forth herein.

76. Defendant TD Bank is engaged in the business of banking as defined in section 670.105(1)(b).

77. Plaintiff is the account holder of a business account and is a customer of Defendant as defined in section 670.105(1)(c), Florida Statutes.

78. Pursuant to section 670.205, Florida Statutes, Defendant was obligated to follow its security procedures to detect erroneous payment orders and to prevent payments to unintended beneficiaries, e.g. the fraudster.

79. Had Defendant complied with the security procedure, Defendant would have detected the error in the payment order/wire instructions.

80. Due to Defendant's failure to detect the glaring error in the "Lima, Estonia" instruction, which is inconsistent with the BIC/SWIFT and/or IBAN, Defendant is liable for Plaintiff's loss, which totals at least $85,000.

**WHEREFORE,** Plaintiff demands Judgment as to Count V against Defendant TD BANK, N.A. and seeks compensatory damages together with interest, attorneys' fees and costs for instituting and prosecuting the instant action and for such further relief as this Court deems just and proper.

## COUNT VI – BREACH OF FIDUCIARY DUTY

81. Plaintiff incorporates and realleges Paragraph Numbers 1 through 52 above as if fully set forth herein.

82. Defendant, by words and deed, created a relationship of trust and confidence with Plaintiff, whereby Defendant led Plaintiff to place its trust and confidence in Defendant.

83. As a bank holding Plaintiff's accounts, and through its conduct of encouraging Plaintiff to rely on Defendant's banking expertise with regard to Defendant's ability to safeguard Plaintiff's funds and to effect large international wire transfers, a fiduciary duty was created between the parties.

84. Defendant knew that Plaintiff was relying on Defendant to counsel and inform it through properly and safely effecting large international wire transfers.

85. Defendant's fiduciary duties include obligations to act cautiously in effecting a large international wire transfer by:

a) enacting and following protocols to detect and prevent fraud;

b) verifying that the location of the recipient and recipient's bank actually exists;

c) ensuring that the address of the receeipient's bank is consistent with the location and country of the recipient's bank set forth in the BIC/SWIFT and/or IBAN;

d) reviewing wire instructions for irregularities;

e) confirming with the sender that the location where the wire is to be sent;

f) timely attempting to recall the wire once fraud is discovered;

g) communicating with an account holder after fraud is discovered;

h) communicating and cooperating with the beneficiary bank that is holding the fraudulently obtained funds.

12

86. Defendant breached its duties of care to Plaintiff by, among other things, failing to recognize that the Recipient's bank and bank account were located in Lima, Peru, when the wire instructions and Mr. Pobiak noted that he intended to send the wire to Estonia, failing to recognize and/or raise the glaring discrepancy in the wire instructions to Mr. Pobiak; failing to attempt to recall the wire; failing to timely communicate and cooperate with the Peruvian Bank; and failing to communicate with Plaintiff as to the whereabouts of the missing funds.

87. Plaintiff has suffered harm as a direct and proximate result of the aforementioned breaches of duty by Defendant.

**WHEREFORE**, Plaintiff demands Judgment as to Count VI against Defendant TD BANK, N.A. and seeks compensatory damages together with interest, attorneys' fees and costs for instituting and prosecuting the instant action and for such further relief as this Court deems just and proper.

## COUNT VII – BREACH OF IMPLIED CONTRACT

88. Plaintiff realleges Paragraph Numbers 1 through 52 as if fully and completely set forth herein.

89. By accepting Plaintiff's deposits and the fees paid by Plaintiff for banking services, TD Bank entered into an implied contract with Plaintiff whereby TD Bank agreed that it would take reasonable steps to safeguard Plaintiff's deposits and accounts against bank fraud, and fraudulent transfers.

90. By failing to employ proper security procedures to prevent the fraudulent transfer of Plaintiff's funds, Defendant breached the implied contract.

13

91. As a direct and proximate result of the breach of the implied contract by Defendant, Plaintiff has incurred significant financial damages, including but not limited to the loss of at least $85,000.00.

**WHEREFORE**, Plaintiff demands Judgment as to Count VII against Defendant TD BANK, N.A. and seeks compensatory damages together with interest, attorneys' fees and costs for instituting and prosecuting the instant action and for such further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands that all issues in this case be tried by a jury as to all issues so triable.

Dated: June 2, 2021.

                                              Respectfully submitted,

                                              **FARROW LAW, P.A.**
                                              ***A Litigation Law Firm***

                                              Attorneys for Plaintiff
                                              4801 South University Drive
                                              Suite 132
                                              Davie, Florida 33328
                                              Telephone:  (954) 252-9818
                                              Facsimile:  (954) 252-9821
                                              jay@farrowlawfirm.com
                                              meera@farrowlawfirm.com

                                              BY:  _/s/**JAY L. FARROW, ESQ.**,_
                                                   JAY LEWIS FARROW, ESQUIRE
                                                   Florida Bar Number: 625213
                                                   New York Bar Number: 4329967
                                                   MEERA K. KOODIE, ESQUIRE
                                                   Florida Bar Number: 1020242

14

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**

ENVIROLYTE USA LLC, a                    CASE NO: 2021-012945-CA-01
Florida limited liability company,

                    Plaintiff,

vs.

TD BANK, N.A., a foreign corporation,

                    Defendant.

_____/

## <u>SUMMONS</u>
(20 days)

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action to Defendant:

          By serving:   **TD Bank, N.A.**
                      Two Portland Square
                      Portland, ME 04112

Defendant is required to serve written defenses to the complaint on Plaintiff's attorney, to wit:

                      **FARROW LAW, P.A.**
                      Attorneys for Plaintiff
                      4801 S. University Drive, Suite 132
                      Davie, Florida 33328
                      Telephone:   (954) 252-9818
                      Facsimile:   (954) 252-9821

Within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Miami-Dade County, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128, either before service on Plaintiffs' attorney or immediately thereafter.  If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

WITNESS my hand and the Seal of said Court on June _____, 2021.


HARVEY RUVIN, CLERK OF COURT


By:_____
                    Deputy Clerk


## <u>AMERICANS WITH DISABILITIES ACT OF 1990</u>
## <u>ADA NOTICE</u>

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**

ENVIROLYTE USA LLC, a                          CASE NO: 2021-012945-CA-01
Florida limited liability company,

                Plaintiff,

vs.

TD BANK, N.A., a foreign corporation,

                Defendant.

_____/

**<u>SUMMONS</u>**
(20 days)

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action to Defendant:

            By serving:  **TD Bank, N.A.**
                        Two Portland Square
                        Portland, ME 04112

Defendant is required to serve written defenses to the complaint on Plaintiff's attorney, to wit:

                        **FARROW LAW, P.A.**
                        Attorneys for Plaintiff
                        4801 S. University Drive, Suite 132
                        Davie, Florida 33328
                        Telephone:  (954) 252-9818
                        Facsimile:   (954) 252-9821

Within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Miami-Dade County, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128, either before service on Plaintiffs' attorney or immediately thereafter.  If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

6/17/2021
WITNESS my hand and the Seal of said Court on June _____, 2021.


HARVEY RUVIN, CLERK OF COURT



310009

By: _____
Deputy Clerk

## <u>AMERICANS WITH DISABILITIES ACT OF 1990</u>
## <u>ADA NOTICE</u>

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2021-012945-CA-01

Plaintiff:
**ENVIROLYTE USA LLC**
vs.
Defendant:
**TD BANK, N.A.**

OJF2021010232

For: JAY LEWIS FARROW
    FARROW LAW FIRM

Received by OJF SERVICES, INC. on the 18th day of June, 2021 at 4:35 pm to be served on **TD BANK, N.A.**, **TWO PORTLAND SQUARE, PORTLAND, ME 04112**. I, ___KEVIN SURETTE___, do hereby affirm that on the **22** day of ___JUNE___, 20 _21_ at _2:11 P_.m., executed service by delivering a true copy of the **SUMMONS AND COMPLAINT** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

(X) CORPORATE SERVICE: By serving _Debbie_ as _MSR - AUTH TO ACCEPT_

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I CERTIFY THAT I AM OVER THE AGE OF 18 AND HAVE NO INTEREST IN THE ABOVE ACTION. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE".

PROCESS SERVER # _____
Appointed in accordance with State Statutes

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: 2021010232

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

Filing # 128498921 E-Filed 06/10/2021 01:02:32 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI DADE COUNTY, FLORIDA**

ENVIROLYTE USA LLC, a
Florida limited liability company,

         Plaintiff,

vs.

TD BANK, N.A., a foreign corporation,

         Defendant.

_____/

CASE NO: 2021-012945-CA-01

DATE: 6-22-21    TIME: 2:11 PM

INITIALS: KS    ID #:

### SUMMONS
(20 days)

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action to Defendant:

        By serving:  **TD Bank, N.A.**
                      Two Portland Square
                      Portland, ME 04112

Defendant is required to serve written defenses to the complaint on Plaintiff's attorney, to wit:

                      **FARROW LAW, P.A.**
                      Attorneys for Plaintiff
                      4801 S. University Drive, Suite 132
                      Davie, Florida 33328
                      Telephone:   (954) 252-9818
                      Facsimile:   (954) 252-9821

Within twenty (20) days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, Miami-Dade County, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128, either before service on Plaintiffs' attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

10232

6/17/2021

WITNESS my hand and the Seal of said Court on June _____, 2021.

HARVEY RUVIN, CLERK OF COURT

310009

By: _____
                    Deputy Clerk

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

Filing # 130573948 E-Filed 07/13/2021 04:07:37 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**ENVIROLYTE USA LLC, a**
**Florida limited liability company,**

     *Plaintiff,*                    Case No.: 2021-012945-CA-01

vs.

**TD BANK, N.A., a foreign corporation**

     *Defendant.*

_____/

**<u>NOTICE OF APPEARANCE</u>**

     Justin M. L. Stern of the law firm of Duane Morris LLP files his appearance as Counsel of Record for TD BANK, N.A., a foreign corporation and requests that copies of all notices, pleadings, motions, orders and other documents filed in these proceedings be sent to the undersigned.

Respectfully submitted this 13th day of July, 2021.

                                   **D**UANE **M**ORRIS **LLP**
                                   By *<u>/s/ Justin M. L. Stern</u>*
                                     Justin M. L. Stern
                                     Fla. Bar. No. 1010139
                                     1875 NW Corporate Blvd.
                                     Ste. 300
                                     Boca Raton, FL 33431
                                     T: 561.962.2100
                                     F: 561.962.2101
                                     jmlstern@duanemorris.com
                                     *Attorney for Defendant*
                                     *TD Bank, N.A*

**[*Certificate of Service on Following Page*]**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served to all counsel of record via an automatic email generated by the Florida Courts E-Filing Portal this 13th day of July, 2021.

*/s/ Justin M. L. Stern*
Justin M. L. Stern
